**GABRIEL INTERNATIONAL, INC.**

v.

**M & D INDUSTRIES OF LOUISIANA, INC., Patriot Chemical & Equipment Corporation, Don Burts and Gerald Hebert.**

Civ. A. No. 89–1640–O.

United States District Court,
W.D. Louisiana,
Opelousas Division.

Sept. 12, 1989.

J. Minos Simon, J. Minos Simon, Ltd., LaFayette, La., for Gabriel International, Inc.

Preavel, Gambrell, Hewitt, Kimball & Krieger, N. Elton Dry, Houston, Tex., and Carolyn Ingraham–Dietzen, Lafayette, La., for defendants.

## AMENDED RULING

NAUMAN S. SCOTT, District Judge.

We issue this Ruling to amend and complement our Ruling of August 29, 1989.

On July 21, 1989 Gabriel International, Inc. (Gabriel) filed a complaint against M & D Industries of Louisiana, Inc. (M & D), Patriot Chemical & Equipment Corporation (Patriot), Don Burts (Burts), and Gerald Hebert (Hebert) seeking injunctive relief and damages under Louisiana's Uniform Trade Secret Act (LSA–R.S. 51:1431, *et seq.*). The complaint seeks damages, injunctive relief and an immediate issuance of an order by the Court providing that the record of this action be sealed; that all persons involved in the litigation be enjoined from disclosing plaintiff's alleged trade secret without prior court approval and any disclosure of plaintiff's alleged trade secret in the progress of litigation shall be restricted to parties and counsel for the parties and their assistants. Plaintiff also prayed for trial by jury.

A form of order for secrecy and for sealing the record was attached to the record and the execution of such order by the court is authorized under LSA–R.S. 51:1435 which provides as follows:

"In an action under this Chapter, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in camera

hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval."

■ Upon examining the complaint the Court noted that there was absolutely no evidence or affidavit attached to support plaintiff's allegation that a trade secret or secrets existed or that the plaintiff was the owner thereof. The only reference to the existence to such an order is found in paragraph three of the complaint which merely tracks the conclusory language of the statute and adds that plaintiff requires it employees to execute secrecy agreements as a condition to their employment. Naturally plaintiff did not produce evidence at the time of filing its complaint because the order preserving the secrecy of such evidence had not yet been signed. Certainly a formula, pattern, compilation, program, device, method, technique or process which has at any time been open to public knowledge, cannot thereafter be made secret by inserting a clause in employment contracts or by any other process. The Court felt under the circumstances that the order should not be signed *ex parte* without allowing some delay for possible opposition. No opposition having been filed and upon the telephone request of plaintiff's attorney, the Court signed the order on August 11, 1989, some 21 days after the filing of the complaint.

On the same date, August 11, 1989, the Clerk of Court in Shreveport, Louisiana received and filed defendants' Motion for an Expedited Hearing and a Protective Order followed later by defendants' Answer and Counter–Claims. These pleadings contained *factual* allegations disputing plaintiff's claim that trade secrets existed and that plaintiffs were the owners thereof and documentary evidence in support thereof. Defendants also claimed that the defendants and plaintiff are competitors and that all of the information sought from five of its customers noticed by plaintiff for deposition could be furnished by defendants and that these depositions and the entire proceedings are being pursued to harass defendants to embarrass them in their relationship with their customers and to adversely affect their business.

■ The vigor with which this case has been prosecuted in the approximately one month of its existence prior to our discussions and hearing of Friday, August 25, 1989 has convinced this Court that these proceedings are unusually controversial; that they promise to be voluminous, detailed and a great expense to the parties. Our examination of LSA–R.S. 51:1431 *et seq.* and the authorities cited in our Ruling of August 29, 1989 has convinced us that plaintiff has no rights whatsoever unless a trade secret or secrets exist and it is the owner of that trade secret or secrets. We have already sealed the record and utilized our injunctive powers to assure secrecy in this proceeding. We did this *ex parte*, at the request of plaintiff's counsel and without the support of any evidence whatsoever because we realized that plaintiff could not reveal that evidence until assured of secrecy by our signing its Order on August 11, 1989. Now that the secrecy is assured there is no reason why this evidence should not be produced.

It is plaintiff's position that this is a jury trial; that the trade secret issue is an issue of fact which should be submitted to and decided only by jury and that it is inappropriate that it be submitted to the Court for decision. Stated differently, any plaintiff, even an imposter, could impose the burden, delay, inconvenience and expense (and harassment if brought by an imposter) and the Court is powerless to restrain it. We disagree.

■ We find that if a trade secret or secrets exist and that plaintiff is the owner, the plaintiff necessarily, and without the need to resort to depositions, interrogatories or any other form of discovery is now in a position to present in secrecy the evidence required to determine that a trade secret or secrets exist and that plaintiff is the owner thereof. In our original Ruling of August 29, 1989, Appendix A attached, we treated this issue as a procedural matter and are fully empowered to act on the

basis of the authorities cited therein. We are also empowered under Fed.R.Civ.P. 16(a)(1), (2), (3) and principally (c)(11).[1] Finally it is a question of jurisdiction. This is a diversity action for injunctive relief and damages under the Louisiana's Uniform Trade Secret Act (LSA–R.S. 51:1431, *et seq.*) which is restricted to one class of plaintiffs. Plaintiff must be the owner of a trade secret or secrets. This is a jurisdictional limitation inherent in the statute. Matters of jurisdiction are not required to be presented by motion for summary judgment, by motion for directed verdict, or by interrogatories to the jury. That a court must protect its jurisdiction and has a duty to do so is such a fundamental principle of our federal system that it requires no citation. Although our initial interest was principally procedural, it certainly follows that if plaintiff cannot prove that a trade secret or secrets exist and that it is the owner thereof, this matter will be dismissed for lack of jurisdiction.

For the above reasons it is the opinion of this Court that, unless plaintiff's status as owner of a trade secret is established by stipulation or otherwise, it would be appropriate in every case that the plaintiff establish in a confidential evidentiary hearing that he is an owner of a trade secret as we have held in this proceeding. Therefore we DENY plaintiff's motion that our Ruling of August 29, 1989 as amended and complemented herein, should be vacated. We agree with plaintiff that the Ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. All as is contemplated under the provisions 28 U.S.C. 1292(b).

DONE AND SIGNED.

## RULING

Before us is defendants' Motion for a Protective Order under Fed.R.Civ.P. 26(c).

Plaintiff, Gabriel International, Inc., brought this diversity suit against defendants, M & D Industries, Patriot Chemical, Don Burts and Gerald Hebert, alleging misappropriation of a trade secret in violation of the Uniform Trade Secrets Act, LSA–R.S. 51:1431 *et seq.* To prevail on such a charge, the plaintiff must establish (1) possession of knowledge or information that is not generally known; (2) communication of this knowledge or information by the plaintiff to the defendant under an express or implied agreement limiting its use or disclosure by the defendant; and (3) use or disclosure by the defendant of this knowledge or information in violation of the confidence, to the injury of the plaintiff. *Wheelabrator Corp. v. Fogle*, 317 F.Supp. 633, 637 (W.D.La.1970) (citing *Great Lakes Carbon Corp. v. Continental Oil Co.*, 219 F.Supp. 468, 498 (W.D.La.1963)). Clearly, the threshold issue is "whether in fact there was a trade secret to be misappropriated." *Id.* Here, the plaintiff has not yet established the existence of a trade secret nor, for that matter, the existence of an express or implied agreement limiting its disclosure by the defendant.

In the Memorandum in Support of the Motion for a Protective Order, defendants contend that plaintiff's subpoena of defendants' principal customers is an attempt to harass and alienate these customers. Defendants further contend that the information sought by the plaintiff from these customers could be directly obtained from

1. As explained by the Advisory Committee, amended Rule 16 shifts "the emphasis away from a conference focused solely on the trial and toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." Thus, although the listed objectives include improving the quality of trial and facilitating settlement, also mentioned are measures designed to expedite disposition of the action to establish early control of the case with the overall objective of avoiding protracted pretrial activities and litigation. In this instance, our pretrial order of an evidentiary hearing is designed to accomplish these objectives. In *Davis v. Duplantis*, 448 F.2d 918 (5th Cir.1971), the court stated that "[t]he trial judge must be permitted wide latitude in guiding a case through its preparatory stages. His decision as to the extent that pretrial activity should prevent the introduction of otherwise competent and relevant testimony at trial must not be disturbed unless it is demonstrated that he has clearly abused the broad discretion vested in him by Rule 16." *Id.* at 921.

defendants.[1]

Fed.R.Civ.P. 1 commands that the procedural rules "shall be construed to secure the just, *speedy*, and *inexpensive* determination of every action." (Emphasis added). The discovery provisions "are subject to the injunction in Rule 1....". *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115, 134 (1979). Thus, while Fed.R.Civ.P. 26(c) permits the court to issue a protective order to protect a party or person from annoyance, oppression or undue burden, this ability must be interpreted in light of the directive in Rule 1. In this instance, compliance with the speedy and inexpensive instruction of Rule 1 dictates that the plaintiff first establish the existence of a trade secret before consideration of whether we should definitively grant or deny defendants' motion.

Accordingly, based on the foregoing law and facts, we find it inappropriate at this time to grant defendants' motion. Rather, we order that an evidentiary hearing be held on September 6, 1989 at 10:00 a.m. at which hearing the plaintiff shall be required to prove, by a preponderance of the evidence, the existence of a trade secret by evidence including the substance of the trade secret, its origin and duration, its secret and exclusive character since origin, and the measures taken to preserve its secret and exclusive character to date. Should the plaintiff carry this burden, the court will reconsider defendants' motion.

Therefore, we DENY defendants' motion, subject to a right of renewal, such right to be determined after the evidentiary hearing of September 6, 1989.

DONE AND SIGNED at Alexandria, Louisiana, this 29th day of August, 1989.

---

**1.** Defendants have also counterclaimed under the Louisiana Unfair Trade & Consumer Protection Act, LSA–R.S. 51:1401 *et seq.* For the rea-

sons which follow, this action is stayed pending the outcome of the evidentiary hearing set for September 6, 1989 at 10:00 p.m.